**Abatement Order filed October 16, 2018**



In The

# Fourteenth Court of Appeals

_____

**NO. 14-18-00614-CR**
**NO. 14-18-00615-CR**
**NO. 14-18-00616-CR**
**NO. 14-18-00617-CR**

_____

## EX PARTE KENISHIA  SHANELL  HILL

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 16-CR-1747-83-1, 16-CR-1748-83-1, 16-CR-1749-83-1,**
**and 16-CR-1750-83-1**

## ABATEMENT ORDER

Appellant is not represented by counsel.  On **September 24, 2018,** time to file appellant's brief expired without a brief and no motion for extension of time was filed.  *See* Tex. R. App. P. 38.6(a).  Appellant was notified on September 28, 2018, that no brief had been received.  No response from appellant has been received. This court is unaware if appellant is, at this time, entitled at this time to proceed without the payment of costs and/or to appointed counsel. Accordingly, we enter the following order.

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached), the judge of the 10th District Court shall immediately conduct a hearing at which appellant and counsel for the State shall participate, either in person or by video teleconference, to determine if appellant (1) desires to prosecute her appeals, (2) is indigent, and (3) is entitled to appointed counsel on appeal from the denial of her application for writ of habeas corpus. The judge may appoint appellate counsel for appellant if necessary. If appellant is not indigent and not entitled to counsel, the judge shall determine if appellant abandoned the appeals or if she has failed to make necessary arrangements for filing a brief. If she desires to continue the appeals, the judge shall also determine a date when her brief will be filed.

The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing and the court's findings and conclusions shall be filed with the clerk of this court by **November 15, 2018**.

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeals filed by either party, or the Court may reinstate the appeals on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

2

# RULE 38. REQUISITES OF BRIEFS

## Tex. R. App. P. 38.8. Failure of Appellant to File Brief.

(b) *Criminal Cases*.

(1) Effect. An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice. If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.